**Quincy SIMS, Plaintiff–Appellant,**

v.

**C. LESINAK, Leiutenant at Kern Valley State Prison, Defendant–Appellee.**

**No. 15–16191.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.*

Filed March 23, 2016.

Quincy Sims, pro se.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

MEMORANDUM ***

California state prisoner Quincy Sims appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process claim arising out of the confiscation of his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court properly dismissed Sims' action because Sims had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.